# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

## No. 17-1905 WMKC

_____

UNITED STATES OF AMERICA,
Appellee,

v.

JOEL R. BREMER,
Appellant

_____

# APPEAL FROM THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

_____

## *ANDERS* BRIEF

_____

LAINE CARDARELLA
Federal Public Defender
Western District of Missouri

TODD M. SCHULTZ
Assistant Federal Public Defender
Western District of Missouri
818 Grand, Suite 300
Kansas City, Missouri 64106
(816) 471-8282
Todd_M_Schultz@fd.org
COUNSEL FOR APPELLANT

## SUMMARY OF THE CASE

On June 10, 2016, Mr. Bremer appeared before the Honorable Roseann Ketchmark and entered a plea of guilty to Count I of an Indictment charging possession of child pornography in violation of 18 U.S.C. §2252(a)(4). Mr. Bremer entered into a written plea agreement with the government.

A sentencing hearing was held on April 11, 2017. The court found the advisory guideline range to be 188 to 235 months. The government recommended a sentence of 120 months and the defendant also requested a sentence below the advisory guideline range. The court sentenced Mr. Bremer to 216 months imprisonment followed by ten years of supervised release.

On April 26, 2017, Mr. Bremer filed a notice of appeal seeking review of the court's judgment.

Counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

# **TABLE OF CONTENTS**

SUMMARY OF THE CASE..................................................................................i

TABLE OF CONTENTS................................................................................. ii

TABLE OF AUTHORITIES ........................................................................ iii

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF THE ISSUE.......................................................................2

STATEMENT OF THE CASE .......................................................................2

SUMMARY OF THE ARGUMENT ...............................................................6

ARGUMENT ...................................................................................................7

    ISSUE ONE: The district court erred by imposing an unreasonable sentence that did not adequately and fully address the criteria enumerated in 18 U.S.C. § 3553.........................................................................7

    A. Standard of Review.......................................................................7

    B. Argument ......................................................................................7

CONCLUSION...............................................................................................10

CERTIFICATE OF COMPLIANCE.............................................................12

CERTIFICATE OF SERVICE ......................................................................12

# TABLE OF AUTHORITIES

## Cases

*Anders v. California*, 386 U.S. 738 (1967) ...................................................... i, 10,11

*Gall v. United States* 128 S.Ct. 586 (2007) ...............................................................8

*United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) .................................................10

*United States v. Aronja-Inda*, 422 F.3d 734 (8th Cir. 2005) ....................................10

*United States v. Booker*, 543 U.S. 220 (2005) .......................................................7, 9

*United States v. Cadenas*, 445 F.3d 1091 (8th Cir. 2006) ......................................6, 7

*United States v. Gatewood*, 438 F.3d 894 (8th Cir. 2006)........................................7

*United States v. Goody*, 442 F.3d 1132 (8th Cir. 2006) ...........................................7

*United States v. Hadash*, 408 F.3d 1080 (8th Cir. 2005)........................................6, 8

*United States v. Walker*, 439 F.3d 890 (8th Cir. 2006)................................................7

## Statutes

18 U.S.C. § 2252 ............................................................................................i, 1, 5

18 U.S.C. § 3231 .................................................................................................1

18 U.S.C. § 3553 .......................................................................................2,6,7,8,9

28 U.S.C. § 1291 .................................................................................................1

## Rules

Fed R. App. P. 32.................................................................................................12

# JURISDICTIONAL STATEMENT

Mr. Bremer was convicted of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Jurisdiction in the trial court was proper pursuant to 18 U.S.C. § 3231 as Mr. Bremer was charged with an offense against the United States. Following entry of judgment on April 11, 2017, Mr. Bremer filed a notice of appeal on April 26, 2017. This Court's jurisdiction is proper pursuant to 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment of a U. S. District Court.

<u>**STATEMENT OF THE ISSUE**</u>

**ISSUE ONE: The district court erred by imposing an unreasonable sentence that did not adequately and fully address the criteria enumerated in 18 U.S.C. § 3553.**

Anders v. California, 386 U.S. 738 (1967)

United States v. Booker, 543 U.S. 220 (2005)

United States v. Cadenas, 445 F.3d 1091 (8th Cir. 2006)

18 U.S.C. § 3553

<u>**STATEMENT OF THE CASE**</u>

On February 10, 2013, a deputy with the Putnam County, Missouri Sheriff's Department noticed a Facebook posting of a female subject (A.B.) which raised concerns with the deputy. A portion of the posting read: "…that something needs to be done. I'm tired of all this ur [you are] the reason I am suicidal and the reason I have nightmares. I've held stuff in too long and it's time for ppl [people] to know the truth." At one point, the deputy sent A.B. a message through Facebook chat asking if she was okay. (Note: it was not indicated whether A.B. knew the message was from a Sheriff's deputy). A.B. responded to the chat message, and the two exchanged chat messages where A.B. told the Sheriff's deputy that A.B. had been molested by her father, Joel R. Bremer, and she just found out that he had also molested her best friend. During a subsequent chat message exchange, the deputy

talked to A.B. about reporting the molestation, and A.B. subsequently agreed to come to the Putnam County Sheriff's Department and file a report.

Several minutes later, A.B. (who was 19 years old) arrived at the Sheriff's Office accompanied by a female friend. During a subsequent interview, A.B. described in detail how she had been sexually abused by Mr. Bremer as a child. According to A.B., the abuse started when she was about 6 years old, and continued until she was approximately 15 years old. A.B. further reported that Mr. Bremer had also taken nude photographs of her when she was a child, and A.B. had recently seen those photographs on Mr. Bremer's laptop computer at his residence.

On February 11, 2013, investigators from the Sheriff's Office and the Kirksville, Missouri, Police Department Regional Computer Crimes Unit obtained a search warrant for Mr. Bremer's residence located at 22652 268th Road, Unionville, Missouri. The investigators traveled to the residence and waited to serve the search warrant until after Mr. Bremer returned home. When Mr. Bremer arrived at the residence, and he was approached by a Kirksville Police Department detective who explained why he had come to the residence.

During an interview with Mr. Bremer, the detective asked if he had any child pornography on his computer. Mr. Bremer stated that he looked at "some sites"

and then stated, "Yeah, there is probably a site or two." Mr. Bremer subsequently confirmed that these sites had images of "young kids," but said he only had a few "short cut web pages" bookmarked on his computer. Mr. Bremer told the detective that he did not feel he had a problem with looking at images of little kids, and suggested that when he "stumbled across" the sites, he just decided to look at the content. Mr. Bremer further stated that he had not looked at any images on the sites for "a month or two."

Mr. Bremer subsequently gave the detective consent to view his computer. During his examination, the detective located the area where webpages were bookmarked and noted the names of several website titles that suggested they could contain child pornography, such as: "5yo taking shower …;" "Daughter play and suck her dad – teen sex video…;" "rHJ230 young teen girl clip;" and "Who's Your Daddy…;" Asian schoolgirl fantasy come true…;" "Young teen girl clip2 – Asian sex video.."

The investigators subsequently seized the following items of evidence from Mr. Bremer's residence: black Toshiba Laptop Computer; Casio cellular phone; Apple iPod; SanDisk 8 GB thumb drive; Casio cellular phone and micro SD card; two Motorola cellular phones; LG cellular phone; 23 CD/DVDs; 40 CD/DVDs; 23

VHS tapes. After the investigators completed the search, Mr. Bremer was taken into custody and transported to the Putnam County Jail.

A forensic analysis of Mr. Bremer's laptop computer and CD/DVDs was conducted at the Kirksville Regional Computer Crime Laboratory. No pornographic images of A.B. were found, but the forensic examination revealed approximately 1,472 photos and 40 videos containing child pornography that appeared to have been downloaded from the Internet. In general, these images and video files depicted adults engaged in sexual conduct with prepubescent minors.

On April 17, 2013, a Kirksville, Missouri, Police detective submitted the child pornography images to the National Center for Missing and Exploited Children (NCMEC) to see if any of the images or videos depicted any known child victims. On July 11, 2013, the NCMEC submitted a report which showed that videos and images of child pornography from Mr. Bremer's computer depicted known victims from 32 separate series.

On April 14, 2015, an Indictment was filed charging Mr. Bremer with one count of possession of child pornography in violation of 18 U.S.C. §2252(a)(4). On May 7, 2015, the Office of the Federal Public Defender was appointed to represent Mr. Bremer. On June 10, 2016, Mr. Bremer entered a plea of guilty pursuant to a

written plea agreement. The plea agreement contained an appeal waiver providing that,

> "the defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An illegal sentence includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors such as misapplication of the Sentencing guidelines, an abuse of discretion, or the imposition of an unreasonable sentence."

After determining that Mr. Bremer's plea was knowing, voluntary, and made after being advised of his trial and constitutional rights, the court accepted the plea and ordered a presentence investigation report.

A presentence report was completed by the United States Probation Office, and Mr. Bremer was sentenced on April 11, 2017. At sentencing, Mr. Bremer faced an advisory guideline range of 188 to 235 months based on a criminal history category of I and an offense level of 36. The court sentenced Mr. Bremer to 216 months. On April 26, 2017, Mr. Bremer timely filed a notice of appeal seeking review of the court's judgment.

## SUMMARY OF THE ARGUMENT

The district court erred by imposing an unreasonable sentence that did not adequately and fully address the criteria enumerated in 18 U.S.C. § 3553.

<u>**ARGUMENT**</u>

**ISSUE ONE: The district court erred by imposing an unreasonable sentence that did not adequately and fully address the criteria enumerated in 18 U.S.C. § 3553.**

## A. Standard of Review

This Court reviews a sentence for reasonableness. *United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006) (citing *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005)). The reasonableness standard is akin to a traditional review for abuse of discretion. *United States v. Goody*, 442 F.3d 1132, 1134 (8th Cir. 2006) (citing *United States v. Gatewood*, 438 F.3d 894, 896 (8th Cir. 2006)). A sentence that falls within the advisory guideline range may be unreasonable if the district court failed to consider a factor that carried significant weight, gave significant weight to an irrelevant factor, or committed a clear error of judgment in how it considered appropriate factors. *Cadenas*, 445 F.3d at 1094 *citing United States v. Walker*, 439 F.3d 890, 892 (8th Cir. 2006).

## B. Argument

A district court is free to impose any sentence that is reasonable after consideration of the sentencing criteria enumerated at 18 U.S.C. § 3553(a). *United States v. Booker* 543 U.S. 220 (2005). The overriding principle of 3553(a) that

guides the court's evaluation of an appropriate sentence is a limiting one: the court must impose a sentence that is "*sufficient, but not greater than necessary*" to satisfy the statutory goals of sentencing. Though a court must still consider the advisory guideline range, the court may vary from that range in order to "tailor the sentence in light of the other statutory concerns" of 18 U.S.C. § 3553(a). *Id.* at 245-46.

The Supreme Court further explained that the advisory range constitutes only one of a variety of sentencing factors, and that reasonableness depends on consideration of the 3553 factors as a whole. *Gall v. United States*, 128 S.Ct. 586, 602 (2007). The Court emphasized that because the guidelines are no longer mandatory, the "range of choice dictated by the facts of the case" is "significantly broadened." *Id.* Although the sentencing court has discretion to impose a sentence once it has considered all the 3553(a) factors, its ruling "may be unreasonable if it fails to consider a relevant factor that should have received significant weight, gives significant weight to in improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case. *United States v. Hadash*, 408 F.3d 1080, 1084 (8th Cir. 2005).

A sentencing court must tailor the sentence in consideration of the statutory criteria enumerated at 18 U.S.C. § 3553(a), which includes 1) the "nature and

circumstances of the offense, and the history and characteristics" of Mr. Bremer, 2) the need for the sentence to reflect the severity of the offense, to promote respect for the law, to provide just punishment, to deter others, to protect the public, and to provide Mr. Bremer with educational, vocational, and correctional treatment in the most effective manner, (A-D), 3) the kinds of sentences available, 4) the sentencing guideline range, 5) the sentencing policy statements, 6) the need to avoid unwarranted sentence disparity, and 7) the need to provide restitution. *Booker*, 543 at 245-46.

Mr. Bremer believes that the court imposed an unreasonable sentence that did not adequately address the criteria in 18 U.S.C. § 3553 when it imposed its sentence. The government requested a sentence of 120 months, and Mr. Bremer also requested a sentence below the advisory guideline range. Mr. Bremer believed that this sentence was "sufficient but not greater than necessary" to meet the goals of the sentencing statute. Mr. Bremer argued that he was suffering from chronic obstructive pulmonary disease, did not expect to live more than ten years and was not a risk to reoffend. Mr. Bremer argued he had accepted responsibility for his actions, had embarrassed himself and his family, and was deeply sorry for his actions. He further argued that he would seek treatment and counseling while incarcerated, which would decrease the risk to reoffend.

However, when Mr. Bremer entered a plea he did so pursuant to a plea agreement. That plea agreement specifically contained an appeal waiver that limited his right to appeal his sentence on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct or an illegal sentence.

To enforce an appeal waiver the government must establish: 1) that the issue posed is within the scope of the waiver, 2) that the defendant knowingly and voluntarily entered the waiver, and 3) that dismissing the appeal would not result in a miscarriage of justice. *United States v. Aronja-Inda*, 422 F.3d 734, 737 (8th Cir. 2005) (citing *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003)). Counsel believes there is no evidence to suggest that Mr. Bremer received ineffective assistance of counsel or that prosecutorial misconduct occurred. Additionally, the district court sentenced Mr. Bremer within the guidelines to 216 months on Count 1, for a total sentence of 18 years, which is firmly within the statutory limits for the offense of conviction. Thus, counsel believes this claim falls firmly within the appeal waiver.

## **CONCLUSION**

Under *Anders v. California*, if after a conscientious examination of the record, appellate counsel determines that there are no nonfrivolous arguments to be raised, counsel should so advise the court and request permission to withdraw.

386 U.S. 738, 744 (1967). Having made a thorough review of pertinent case law and a conscientious review of the record for any evidence supporting this appeal, undersigned counsel is convinced that due to the appeal waiver contained in the plea agreement, an appeal of the sentence is frivolous. Based on these circumstances, counsel asks the court to determine whether this appeal is frivolous, and seeks leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In the alternative, Appellant respectfully requests that this Court take any action, or fashion any remedy, available and necessary.

Respectfully submitted,

 s/ *Todd M. Schultz*
TODD M. SCHULTZ
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,138 words. I further certify this brief complies with the typeface requirement of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010, Times New Roman Font Face in Font size 14.

s/ *Todd M. Schultz*
TODD M. SCHULTZ


## CERTIFICATE OF SERVICE

It is hereby CERTIFIED that on July 7, 2017, the foregoing was electronically submitted with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that copies of the appellant's brief and addendum were mailed on July    , 2017 to:

Joel Bremer #27701-045
FCI Greenville
P.O. BOX 5000
Greenville, IL   62246

David Luna, AUSA
400 E. 9th Street, Suite 5510
Kansas City, MO 64106

s/ *Todd M. Schultz*
TODD M. SCHULTZ